DONAHUE et al. v. CALUMET FIRE-CLAY CO.

(Circuit Court, D. Kentucky. May 6, 1899.)

REMOVAL OF CAUSES — TIME FOR FILING PETITION — EFFECT OF ANSWERING AFTER OVERRULING OF OBJECTIONS TO JURISDICTION.

Where a defendant in a state court, a corporation of another state, appeared specially, and moved to quash the sheriff's return of service, and, on the overruling of its motion, reserved a bill of exceptions, and in its answer and at all times thereafter insisted on its objection to the jurisdiction of the court over it, the fact that it answered to the merits, and took other action, by motion and otherwise, in preparation for trial, did not constitute such a voluntary appearance as would debar it from exercising its right to remove the cause to a federal court, when, on its subsequent motion, the order overruling its objection to the service was set aside, leaving the question whether it could legally be required to answer still pending.

On Motion to Remand.

Wallace & McDonald and J. D. Reed, for plaintiffs.

D. W. Sanders and C. B. Seymour, for defendant.

EVANS, District Judge.    The plaintiff Philip Donahue begun this
action in the state court by filing his petition therein on April 22,
1897.    The plaintiff alleged in his petition that the defendant was
an Ohio corporation, and had its chief office in that state.    A sum-
mons was issued, and attempted to be executed on various persons
alleged, in one capacity or another, to be agents or officers of the de-
fendant.    On February 12, 1898, the defendant entered its special
appearance, for the purpose and moved the court to quash the various
returns on the summons.    This motion after hearing was overruled
by the state court on February 26, 1898.    On March 5, 1898, the fol-
lowing order was made in the case by the state court, namely:  "Came
defendant by counsel, and filed its answer herein.    On motion of de-
fendant, by counsel, it is ordered that this action be and is assigned to
March 9, 1898, for trial."    The opening sentence of the answer of the
defendant begins as follows:  "The defendant, the Calumet Fire-Clay
Company, not waiving its objection to the process herein, but express-
ly reserving the same, denies that the defendant," etc.; and then pro-
ceeds with a full answer to the merits of the case, as the same had been
presented in the petition of the plaintiff as amended.    On March 12,
1898, defendant tendered its bill of exceptions, which was allowed,
signed by the judge, and made part of the record, covering all the
proceedings on the motion to quash the returns on the summons, and
disposing of that motion.    On May 7, 1898, by consent of the parties,
the action was assigned for trial on the 1st of June following.    On
May 23, 1898, on motion of the defendant, by counsel, and on affidavit
filed by it, it was ordered by the court that Frank Parsons do per-
sonally appear on June 1, 1898, to testify in the action in behalf of the
defendant, and not to depart without leave of the court.    Parsons
was the commonwealth's attorney, who had conducted the case out
of which the action grew.    On June 1, 1898, by consent of the parties,
by counsel, the case was reassigned for trial October 19, 1898.    On
October 11, 1898, the court, on the defendant's motion, repeated its
former order, requiring the personal attendance of Frank Parsons at
the trial to testify for defendant.    On October 19, 1898, by consent
of the parties, it was ordered that the action be assigned to April
4, 1899, for trial.    Philip Donahue having become a lunatic in the
meantime, Patrick J. Donahue was appointed his committee on Oc-
tober 22, 1898, and on November 2, 1898, on his motion, without objec-
tion from the defendant, was admitted as a party plaintiff in this ac-
tion, and permitted to prosecute the same for the benefit of Philip
Donahue.    On November 5, 1898, plaintiffs moved the court to set
aside the order assigning the case for trial on April 4, 1899, and to
assign it for trial at the earliest day possible.    The court sustained
the motion on November 12, 1898, and set the case for trial on Febru-
ary 6, 1899, the defendant excepting to both orders.    On January
25, 1899, on motion of defendant, an order similar to previous ones
was entered as to the personal attendance of the witness Frank
Parsons, an affidavit on behalf of defendant being filed as the founda-
tion for the order.    On January 28, 1899, the defendant, having
given notice thereof, moved the court for leave to file, and was per-

mitted to file, an amended answer. On the same day, the plaintiffs demurred to the amended answer, and it was sustained. The amended answer thus filed set forth the reasons and the facts upon which the defendant still insisted that the service of the summons was not sufficient in law and that it should be quashed. The amended answer set up no other facts, except such as embraced an attempt to show the insufficiency of the service of the summons in the case. On February 6, 1899, the defendant, by counsel, moved the court for leave to file an amended answer. No action appears to have been taken upon this motion, and on February 7, 1899, by agreement of counsel, the case was set for trial on the 27th of the month. On February 18, 1899, on defendant's motion, and on an affidavit filed, the order respecting the personal attendance of Frank Parsons as a witness was entered in the same terms as had been frequently done before. On February 25, 1899, the defendant moved the court to set aside the order sustaining the demurrer to defendant's amended answer, and also to set aside the order overruling the motion to quash the returns of the sheriff on the summons. On March 4, 1899, the defendant, by counsel, on notice previously given in writing, moved the court to reassign the case to a day for trial. The motion was sustained, and the case was set for trial on March 13, 1899. On March 13, 1899, an order sustaining the motion to set aside the order overruling the motion to quash the sheriff's returns on the summons, which had been made on March 1, 1898, was entered, and the returns on the summons were quashed; whereupon, on motion of the plaintiffs, leave was given the sheriff to amend his returns according to the facts. On March 25, 1899, the case was passed until March 27, 1899, upon which day the plaintiffs moved the court to assign the case for trial, and, over the defendant's objection, it was assigned for trial on April 7, 1899, and the defendant entered a special appearance, and moved the court to quash the amended return of the sheriff on the summons. This motion was set for hearing on April 1, 1899, but before action was taken thereon, on that day, the defendant filed its petition and bond, and removed the case into this court. Upon these facts, the plaintiffs move to remand the case to the state court, and insist that, if the filing by defendant of its answer on March 5, 1898, and then having the case assigned to a future day for trial, did not per se exclude the right of removal, then that those acts, coupled with the numerous other steps taken by defendant during a period of more than a year succeeding that date, certainly deprived it of the right to do so.

A large number of authorities are cited by the learned counsel for plaintiffs in support of this contention, but it is believed that in every one of them, with one or two possible exceptions, there was an actual service of process upon the defendant, in due form of law, and the only point to be decided in each of the cases was whether, under the state law and practice, the time fixed for answering had passed before the petition for removal was presented to the state court. In the one authority alluded to as being an exception, which was the case of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, there was not a proper service, and, the court so holding, the

case passed off upon that point, and not upon the one to be disposed of now.

The authorities cited by the plaintiffs have not, for that reason, assisted the court in reaching a proper conclusion in this case, where the objection always insisted upon is that process has never been so served upon the defendant as to give the court jurisdiction of its person. It is contended by the plaintiffs that the long series of steps taken by the defendant after filing its answer, construed and considered in connection with the filing of that pleading, were equivalent to an entry of its appearance in the state court in such form as to bar the right before the defendant applied for the removal of the case to this court; and that having, in fact, answered to the merits, and having so actively pressed for a trial of the issues made, and having taken all the steps above recited to obtain that trial, the defendant must be considered as actually before the state court, and in such form and for such a length of time as to preclude, at this late date, the right to remove the case. But, as indicated, the plaintiffs have cited no direct authority to maintain this position, nor has the court been able to find any, although originally much inclined to think that the motion should prevail, because of an impression that as defendant could, at any time within 14 months previous to doing so, have removed the case so that a motion to quash the returns on the summons could have been passed upon here (Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126), it should not have appeared to speculate upon its chances, and have acquiesced so long in the jurisdiction of the state court. But, on looking into the authorities, the court is entirely satisfied that this first impression was erroneous, and that it was competent for the defendant to pursue the course it did in the state court, without losing its right to remove the case. There has never been a time when the defendant did not contest the validity of the service of the summons upon it. It did so at the outset, by entering its special appearance for that purpose only, and moving to quash the returns. This motion being denied by the state court, and a proper bill of exceptions having been allowed and signed by the judge, and made part of the record, the defendant, on March 5, 1898, filed its answer, but expressly reserved therein its right to insist upon the validity of the service, and expressly declined to waive that right. Steps looking to a trial of the case, and preparing for it, were, it is true, taken by both parties before the defendant filed an amended answer, in which it again vigorously insisted upon the proposition that it was not legally before the court, because of the want of proper service upon it of the summons. A demurrer to this pleading being sustained, due exception was taken. Some time after this last step, the court of appeals of the state having ruled upon a similar point, the defendant again moved to quash the returns upon the summons, and this time succeeded.

Pending an attempt to secure an amendment of the returns, and a motion to quash that also, when made, the defendant removed the case.

In the opinion of the court, the effect of the special appearance originally made ran along with, and inhered in, all the subsequent

proceedings in the cause, and all steps taken after the 12th of February, 1898, were taken under the cover and protection of the special appearance then entered, and the objection to the jurisdiction then made, and which was, on March 5, 1898, renewed in the answer filed on that date. It is not believed that the defendant could lose its right to remove the cause until after the time arrived under the state law for it to answer, which would be 20 days after a due and legal service of a summons upon it. This court cannot hold that that time had ever come until it has had the right itself to pass upon the question whether the summons was legally executed, nor until it has actually passed upon that question adversely to the defendant.

In short, a defendant does not lose his right of removal, unless, after due and proper service of process, he delays to file his petition therefor until after the time for answering, as fixed by the state law, has passed; nor probably unless, after a full and unrestricted appearance, in the first instance, in the state court, without due service of process, he delays petitioning for a removal beyond a time equivalent to that allowed by law for answering. Certainly this must be true in the case at bar, unless the conduct of the defendant in the state court was a waiver of its objections to the service of the process, and operated as a consent to the jurisdiction claimed over its person. The court cannot so read the record as to perceive any such waiver or consent. All that defendant did was under the duress of a proceeding it always insisted was void. What it did was not, in any fair or legal sense, voluntary.

In the case of Harkness v. Hyde, 98 U. S. 476, the supreme court said:

"The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, or, what we consider as intended, that the service be set aside, nor, when that motion was overruled, by their answering for him to the merits of the action. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity, nor is the objection waived when, being urged, it is overruled, and the defendant is hereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

This proposition was reaffirmed in the case of Railway Co. v. Pinkney, 149 U. S. 207, 13 Sup. Ct. 859, and practically to the same effect are the cases of Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, and In re Atlantic City R. Co., 164 U. S. 635, 17 Sup. Ct. 208, where it was held that, where a demurrer was filed for the express purpose of raising an objection to the jurisdiction, a subsequent answer to the merits did not waive that objection. The basis of the doctrine is that the defendant does not appear voluntarily, but under a degree of compulsion, when having made, as strenuously as possible in the first instance, objection to the service of the process, he yields to answer to the merits. Particularly must this be so when, as in this case, he repeatedly reiterates, emphasizes, and insists upon his protests against the jurisdiction and the manner of bringing him into

court. The authorities seem clearly to support the view of the court that the motion to remand should be denied for the present, with leave to renew it should the court hereafter determine that the original service of the summons was valid and sufficient.