## CASE v. OLNEY et al.

(Circuit Court, S. D. California. December 31, 1900.)

### No. 961.

**1.** REMOVAL OF CAUSE—TIME FOR PETITION.

Under Act Cong. Aug. 13, 1888 (1 Supp. Rev. St. 613), declaring that a party may file petition for removal of suit to the federal court any time before defendant is "required by the laws of the state * * * to answer or plead to the declaration or complaint," and Code Civ. Proc. Cal. § 416, declaring the voluntary appearance of a defendant equivalent to personal service on him, defendant, though not served, having filed a demurrer cannot petition for removal after expiration of the time in which he could have answered had he been served with process when he filed his demurrer.

**2.** SAME—WAIVER OF RIGHT.

Defendant waived his right to removal of suit to the federal court, where, though not served with process, he files a demurrer, and stipulates as to hearing of the same

Motion to Remand. Conclusions of the court.

Montgomery, Earle & Hutchison, for plaintiff.

E. R. Annable, for defendants.

WELLBORN, District Judge. The petition for removal was filed June 19, 1900. Prior thereto, to wit, April 3, 1900, a demurrer and stipulation were filed in the cause, as follows:

"State of California. In the Superior Court of the County of San Bernardino. Hannah R. Case, Plaintiff, vs. Horace M. Olney and C. A. Sherrod, Defendants. And now comes the said defendants, Horace M. Olney and C. A. Sherrod, by E. R. Annable, their attorney, and demur to plaintiff's complaint now on file herein, and for cause of demurrer specify that said complaint does not state facts sufficient to constitute a cause of action.

"E. R. Annable, Attorney for Defendants."

"It is hereby stipulated and agreed, by and between the attorneys for the respective parties to the above-entitled cause, that the issue raised by the above demurrer shall not be called up for hearing by the attorneys for either party to said cause, except upon at least one week's notice in writing to the adverse attorneys; and it is further agreed that the attorneys for plaintiff will not notice said issue for hearing before ninety days from this date.

"Dated this 15 day of March, 1900.

"Montgomery, Earle & Hutchison, Attorneys for Plaintiff.
"E. R. Annable, Attorney for Defendants."

"Due service by copy of the within demurrer and stipulation is admitted this 16th day of March, 1900.

"Montgomery, Earle & Hutchison, Attorneys for Plaintiff."

"No. 7,835. Filed Apr. 3, 1900, at 30 min. past 11 a. m.

"L. A. Pfeiffer, Clerk."

By the laws of California, "the voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him." Code Civ. Proc. Cal. § 416. The last act of congress on the subject of removal of causes, that of August 13, 1888, provides, among other things, as follows:

"That whenever any party entitled to remove any suit * * * may desire to remove such suit from a state court to the circuit court of the United States of America he may make and file a petition in such suit in such state

106 F.—28

court at the time, or any time before the defendant is required by the laws of the state or the rules of the state court in which such suit is brought to answer or plead to the declaration or complaint of plaintiff." 1 Supp. Rev. St. p. 613.

The phraseology, "to answer or plead to the declaration or complaint," includes the filing of a demurrer. Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311.

The rule of limitation prescribed in the statute above quoted, in its strict letter, is not susceptible of application to the case at bar, for the reason that, the defendants having filed their demurrer without service of process, there has never been, nor can there be, a time when they are "required by the laws of the state to answer or plead to the declaration or complaint," yet it will not be insisted, I presume, for a moment, that it was intended by congress that the right of removal in such a case should be unrestricted in point of time. A reasonable construction of the statute, it seems to me, is suggested in the latter clause of the following quotation:

"In short, a defendant does not lose his right of removal, unless, after due and proper service of process, he delays to file his petition therefor until after the time for answering, as fixed by the state law, has passed, nor probably unless; after a full and unrestricted appearance, in the first instance, in the state court, without due service of process, he delays petitioning for a removal beyond a time equivalent to that allowed by law for answering." Donahue v. Fire-Clay Co. (C. C.) 94 Fed. 27.

Had the defendants been served with process, the longest time allowed for answering would have been 30 days from the date of service. Code Civ. Proc. § 407. Applying the rule of limitation suggested above and treating the filing of the demurrer as service of process, which the Code of California, as already shown, requires, it follows that the petition for removal was filed more than one month too late.

There is another ground on which I am inclined to think, although the point is not free from difficulty, plaintiff's motion should be allowed, namely, that the demurrer and stipulation are a waiver by defendants of their right of removal. The following extract from the opinion of an eminent judge may be not inaptly quoted here:

"Moreover, in view of the delays in litigation arising unavoidably from the right of removal, the construction of doubtful provisions should be in favor of requiring the greatest diligence from parties exercising that right." Frink v. Blackinton Co. (C. C.) 80 Fed. 307.

The case at bar is clearly distinguishable from that of Duncan v. Associated Press (C. C.) 81 Fed. 417, which was decided by the writer of this opinion, and is one of the precedents relied on by defendants. Besides, the statement there made, to the effect that it would have been an immaterial circumstance if the petition for removal had been preceded by a demurrer, was outside the facts of the case, and I now seriously question its correctness, even as applied to those facts, while I believe that, under the circumstances of the case at bar, such a holding would be erroneous. The cause is remanded.