## LOWRY et al. v. HERT.

(Circuit Court of Appeals, Sixth Circuit.  July 17, 1923.)

No. 3786.

1. **Courts ⬦290—Fact contract relates to patents does not give federal court jurisdiction.**

If a suit is brought either to enforce or set aside a contract, federal jurisdiction is not found in the mere fact that the contract relates to patents, though, if the suit is in effect one for infringement of a patent, federal jurisdiction is not defeated because the defense to infringement is based on a contract.

2. **Courts ⬦290—Suit to hold defendant as trustee under void conveyances of patents is not within federal court's jurisdiction.**

A complaint alleging that a conveyance of patents, formerly belonging to plaintiff's ancestors, to defendant by an administrator, was void because the administrator was appointed by a court having no jurisdiction, and alleging that the patents had been in use by corporations since the conveyance to defendant, and that defendant was liable for the royalties which could have been received for such use by plaintiff, did not state a suit for infringement of a patent, but one for the recovery from a trustee under a void conveyance of funds held in trust for plaintiffs, and therefore was not within the jurisdiction of the federal courts, as arising under the patent law.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Suit in equity by Zetta McG. Lowry and others against Alvin T. Hert, for whom was substituted Sallie A. Hert, administratrix, begun in the state court and removed to the United States District Court. From a decree dismissing the complaint on its merits (273 Fed. 698), complainants appeal. Reversed and remanded, with instructions to remand the case to the state court.

This case was commenced in December, 1920, in the state court by the representatives of Cuthbert Lowry, deceased, against Hert, as sole defendant, and after the death of the latter it was revived against his administratrix and residuary legatee. There was no diversity of citizenship and the case was removed to the court below upon the ground that it was one arising under the patent law. It therefore becomes necessary to know the precise character of the case brought.

It was planted upon the equity side by a complaint containing three paragraphs, each with its complete allegations and concluding prayer. Common to all the paragraphs were these allegations: Cuthbert Lowry, at his death, held the legal title to the inventions of several issued patents and two pending applications relating to creosoting wood. Defendant was interested with Lowry in the exploitation of the patents through three corporations—the Columbia Creosoting Company, the American Creosoting Company, and the Anglo-American Tar Products Company—all of which corporations defendant controlled. After Lowry's death, the Security Trust Company of Lexington was there appointed his administrator. In January, 1909, the administrator made a conveyance to one Fletcher, as trustee for defendant, or his controlled companies of all Lowry's interest in these patents or applications as well as his interest as a stockholder in one of the corporations and as a creditor of another.

Paragraph 1 alleges that this conveyance was obtained by fraud and coercion, practiced by Hert and Fletcher upon the administrator. Paragraph 2 alleges that Lowry at his death was a resident of Illinois; that for this reason the Lexington court had no authority to appoint an administrator;

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and hence that the conveyance by the administrator was void. Paragraph 3 sets out that the sale by the administrator to Fletcher was invalid, because made at private instead of public sale, because there had been no obtaining from the court of authority to sell, and because the conveyance was not properly executed by the administrator. The first paragraph says that the patented processes and devices "have ever since said assignment and are now being used by creosoting companies, particularly that of the American Creosoting Company, in their business, and that these plaintiffs could have, during said time, received valuable compensation in royalties and license fees for the use of same, and by reason of the fraud, coercion, and duress practiced by this defendant, his agent and trustee, they have been deprived of said compensation by being deprived of the ownership and use of said patents." Wherefore they pray that the assignment from the administrator be set aside and canceled, because obtained by fraud, and because without consideration; that the further assignment from Fletcher, trustee, to one of the corporations and from that corporation to defendant be held void; and "that it be now adjudged that these plaintiffs are now the owners of said letters patent and the patents granted upon said applications, and that they be adjudged to recover of this defendant a sum which will reasonably compensate them for the loss of the use of said patents since the 22d day of January, 1909."

The second paragraph concludes with substantially the same statement of loss, and prays judgment against defendant "for a sum which will reasonably compensate them for the loss of the use of the aforesaid patents and applications and patents subsequently issued upon said applications since January 22, 1909, and that he be required in his answer to disclose the amount of said stock obtained by him and to account to these plaintiffs, and adjudged to pay to them for the reasonable value for his proportion of the aforesaid stock the amount of which is unknown to these plaintiffs, which was obtained by him under the assignment of said administrator, or to deliver to them in specie the stock which he obtained in exchange therefor in the American Creosoting Company or its equivalent, with all the dividends arising therefrom since the said time."

The third paragraph concludes with the statement that the patented processes and devices have been used and now are used by the American Creosoting Company and other creosoting companies, and "that large sums in the form of royalties and license fees could have been obtained and secured by these plaintiffs for the use of said processes and devices if they had had control and possession of them." Wherefore they pray substantially as was prayed in the second paragraph.

Upon a motion to remand, the trial court held that the case was one so far arising under the patent law that there was federal jurisdiction, and then proceeded to final hearing. On this hearing the complaint was dismissed on its merits. Appellant's first assignment of error is that there was no federal jurisdiction, and the motion to remand should have been granted.

Jay W. Harlan, of Danville, Ky. (John W. Becker, of Indianapolis, Ind., and Fred P. Caldwell, of Louisville, Ky., on the brief), for appellants.

Charles G. Middleton, of Louisville, Ky. (Alex P. Humphrey and Humphrey, Crawford & Middleton, all of Louisville, Ky., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). [1] The question whether a case arises under the patent laws, or arises merely under contract and only presents the patent questions in an incidental or anticipatory way, has given rise to a long line of decisions, not always distinguishable without conflict. The leading cases are hereinafter cited. The general rules to be deduced from them are

that, if the case is brought either to enforce or to set aside a contract, federal jurisdiction is not found in the mere fact that the contract relates to patents, while, if the suit is one for infringement of a patent, federal jurisdiction is not necessarily lacking either because the answer sets up, or because the complaint anticipates and avoids, a defense based on contract.

The first paragraph of this complaint is dependent wholly on the theory that the assignment of 1909 was procured by fraud and coercion and without consideration, and was therefore not void, but voidable, at the option of the Lowry estate, and that the estate now exercises that option and wishes the contract declared fraudulent and set aside, as the first step upon the granting of which any further relief must be based. We think the cases later cited make it plain that there is no right to maintain such a case in a federal court, unless there is diverse citizenship, and that the strength of defendant's contention that the case was removable is to be found in the second paragraph, which alleges that the assignment was void, because the Kentucky court was without jurisdiction to appoint an administrator. The third states a case more nearly of the merely voidable. We therefore give the removing defendant the benefit of all doubts when we confine ourselves to this second paragraph. However, since amendment would doubtless be permitted distributing among the different paragraphs the relief asked in any, we consider as if included in the second paragraph all the relief asked in the complaint.

The argument in favor of jurisdiction finds its strongest support in the line of cases of which Healy v. Seagull Co., 237 U. S. 479, 35 Sup. Ct. 658, 59 L. Ed. 1056, is the latest in the Supreme Court, and The Fair v. Kohler Co., 228 U. S. 22, 33 Sup. Ct. 410, 57 L. Ed. 716; Excelsior Co. v. Pacific Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910, and Henry v. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880 (overruled but not on this point), are earlier examples in the same court. These cases undoubtedly modify the decision in Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357, as its scope might be taken from some things there said and as it was interpreted in this circuit in Densmore v. Three Rivers Co. (C. C.) 38 Fed. 747. They establish that where the suit is clearly and plainly one brought for infringement of patent, and involving the issues usual in such cases, the fact is not fatal, whether it appears by the bill or by the answer, that the defendant has had a license under the patent, and that the matter of actual dispute between the parties is whether that license, according to its terms, is still in force. In these cases it has been considered that the main and primary question is one of infringement, and that the question whether there is a license continuing in force must be taken as a secondary and collateral dispute, however controlling it may turn out to be. If the defense of license is sustained, the plaintiff's jurisdictional case remains unimpeached, but a good defense has been shown. A license is an exception cut out of the broader right, the considerations which make such a defense incidental or collateral do not apply with the same force, if at all, where the title itself is involved.

[2] However this might be, we think it might be conceded for the purpose of this opinion that an infringement suit in ordinary form, seeking a decree that the patent was valid and that it had been infringed, and praying injunction and accounting for profits and damages arising from infringement, would present a case arising under the patent law, even though it alleged that defendant was claiming title to the patent under a void ⁀conveyance and asked to have that conveyance set aside or disregarded as of no force (see Atherton Co. v. Atwood Co. [C. C. A. 3] 102 Fed. 949, 43 C. C. A. 72); but that concession would not help the removing defendant here. We cannot find in the allegations of the second paragraph, aided by the prayers of all the paragraphs, either the substance or the color of an infringement suit. The whole declared purpose is not to hold Hert as an infringer, but to hold him as a trustee for the plaintiff for all the amounts and benefits he has received through selling or granting rights under that title to the patent which really belonged to the plaintiff. None of the decisions relied upon by defendant present a case with such an aspect, and we think this case is clearly covered by that general doctrine of Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344, and Hartell v. Tilghman, supra, which remains unmodified by later cases. The party who brings the suit is "master to decide what law he will rely upon," and Odell v. Farnsworth, 250 U. S. 501, 39 Sup. Ct. 516, 63 L. Ed. 1111, illustrates how much latitude he has in fixing the jurisdiction by shaping his complaint. The court which considers such a case must decide, as in the strikingly analogous case of Brown v. Shannon, 20 How. 56, 15 L. Ed. 826, what is the gravamen of the complaint—whether infringement or contract rights.

It is impossible to see how any question of patent validity or of infringement can arise against Hert, the sole defendant. If plaintiffs have the true title, defendant would not be permitted, on any pretext, to deny his trusteeship and responsibility. The only actual disputes indicated by the bill are (second paragraph) as to the jurisdiction of the Lexington court of probate, and (third paragraph) as to what are lawful sales and signatures under state laws. These considerations are not necessarily controlling, but they do not point toward a case of federal jurisdiction.

We conclude that the court below never acquired jurisdiction of the case, and that it must be remanded to that court, with instructions to remand to the state court. Appellant will recover costs of this court.