[Civ. No. 5999.  Second Appellate District, Division Two.—April 4, 1928.]

GROVER C. DEAKINS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Leonard Evans, Ford W. Harris and Herbert A. Huebner for Petitioner.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

THOMPSON, J.—This is an original proceeding to compel the respondent court to proceed to trial in the case of *Grover C. Deakins* v. *Leland S. Hamer*.  The material facts are: Plaintiff filed a complaint in the Superior Court wherein he alleged that he and the defendant were the owners of a certain invention and device known as a joint breaker and tong puller; that on November 10, 1921, they entered into a contract with one Wilcox by which Wilcox was to manu-

facture one complete device and working model for demonstration purposes and to pay for an application for patent thereon which all three of the parties were to jointly make; that by the same contract it was agreed that each of the parties should own a one-third interest in the invention or any improvement which might be made by any of them and that any net income which might be derived by the parties or any of them as the result of the manufacture or sale of the invention or any improvement thereon, should inure to the joint benefit of the parties in equal shares, and that each of the three should be entitled to an accounting thereof. It is further alleged that subsequent to the execution of this contract Wilcox surrendered and released to plaintiff all of his interest in the agreement. There also follow allegations that the defendant has engaged in the business of manufacturing the device and has contracted for the manufacture thereof and has earned a considerable profit but has refused to account or pay to the plaintiff any portion thereof. Plaintiff asks for an accounting. The defendant filed his answer in which in general effect he said that he had first conceived the device and that upon the promises of the plaintiff to furnish a portion of the money to develop the idea and perfect a working model, he entered into the contract but that plaintiff failed and refused to advance any money for that purpose; that on account of plaintiff's failure to provide any funds they had agreed to and did rescind the contract; that the device for the manufacture of which defendant had contracted is a device conceived subsequent to the time the contract was entered into and not the one covered by the agreement. By cross-complaint the defendant also sought to have the contract declared canceled on the ground that it had been abandoned and rescinded by the parties.

When the case was called for trial the respondent judge, without a petition for removal made an order removing the cause to the district court of the United States.

Under this situation we are confronted by the question of whether the state courts have jurisdiction to entertain the action. It is provided that the jurisdiction of the United States courts "shall be exclusive of the courts of the several states . . . of all cases arising under the patent right, or

copyright laws of the United States.'' (Barnes' Federal Code, sec. 1021 [28 U. S. C. A., sec. 371].) The construction and interpretation of this provision, at least so far as general rules thereunder are concerned, is remarkably free of confusion. One of the most exact and most explicit statements with which the great majority of the authorities are in agreement is found in the case of *Pratt* v. *Paris Gaslight & Coke Co.,* 168 U. S. 255 [42 L. Ed. 458, 18 Sup. Ct. Rep. 62, see, also, Rose's U. S. Notes]. That action was one in *assumpsit* to recover the purchase price of a device for the manufacture of water gas. The defendant plead a written contract by which plaintiffs agreed to hold defendant harmless from any claims of infringement, and also plead that plaintiff's patents were void and an infringement upon certain other patents. The court says: ''The action under consideration is not one arising under the patent right law of the United States in any proper sense of the term. To constitute such a cause the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of the laws. (*Starin* v. *New York,* 115 U. S. 248 [29 L. Ed. 388, 6 Sup. Ct. Rep. 28]; *Germania Ins. Co.* v. *Wisconsin,* 119 U. S. 473 [30 L. Ed. 461, 7 Sup. Ct. Rep. 260].)

''The state court had jurisdiction both of the parties and the subject matter as set forth in the declaration, and it could not be ousted of such consideration by the fact that, incidentally to one of these defenses, the defendant claimed the invalidity of the patent. To hold that it has any right to introduce evidence upon this subject is to do it a wrong and deny it a remedy. Section 711 does not deprive the state courts of the power to determine *questions* arising under the patent laws, but only of assuming' jurisdiction of 'cases' arising under those laws. There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading . . . be it a bill, complaint, or declaration—sets up a right under the patent laws as a ground for a recovery. Of such the state courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the com-

petency of state tribunals." Applying the test just quoted the question is framed: Did the plaintiff in his action set "up a right under the patent laws as ground for a recovery"? The answer must be in the negative. He based his right to an accounting in this instance upon a contractual relation which he says the defendant failed to observe. The contract in fact recites that the device was not patented and provides ways and means by which the parties shall proceed to protect it by patent. If the plaintiff is entitled to recover it is by virtue of the contract which he pleads.

Reference should also be had to the case of *Lowry* v. *Hert*, 290 Fed. 876, which was an action in which the plaintiff alleged that by means of fraud and misrepresentation the defendant had induced the plaintiff to assign his interest in certain patents and also in capital stock of a company interested in exploiting the patents, and sought to have the assignments declared void and a decree establishing that plaintiff was the owner of the patents, and for damages to compensate for the loss of the use of the patents, including "large sums in the form of royalties and license fees," and an accounting of the stock and its dividends. This case was removed by the state court to the United States district court and there tried. It was determined by the circuit court of appeals that the district court never acquired jurisdiction of the cause, and the high court remanded it to the district court with instructions to remand it to the state court. The general rules are there announced as follows: " . . . that, if the case is brought either to enforce or to set aside a contract, federal jurisdiction is not found in the mere fact that the contract relates to patents, while, if the suit is one for infringement of a patent federal jurisdiction is not necessarily lacking either because the answer sets up, or because the complaint anticipates and avoids, a defense based on contract." It is clear that these authorities and those therein cited, as well as on principle, that the complaint in this cause was framed so as to give jurisdiction to the state courts and not to the federal courts.

There is an additional reason why at the instance of defendant in this action the suit could not be removed, although it must be noted that defendant did not seek its

removal, but rather moved for a dismissal on the ground that the superior court had no jurisdiction. Had the defendant filed a petition for removal a further or other question might have arisen. However, in the recital of facts we mentioned that defendant filed a cross-complaint in which he sought to have canceled the contract which is made the basis of the complaint of plaintiff. It is obvious from the discussion so far had that the United States courts would have no jurisdiction over an action to cancel this character of contract. And as is said in the case of *Hansen* v. *Pacific Coast Asphalt Cement Co.*, 243 Fed. 283: "By filing this cross-complaint the defendant became a plaintiff, and invoked the jurisdiction of the court, and thereby deprived itself of the right to remove." Counsel has argued that there is a conflict of authority upon this point, but we think the conflict arises rather in those cases where the cross-defendant seeks to have the cause removed when for the first time a federal question is raised by the cross-complaint. Many of the authorities which deny the cross-defendant the right to remove, ground their reason in the fact that he, in the first instance, invoked the jurisdiction of the court.

It is apparent from the discussion that the cause was improperly removed.

The peremptory writ will issue.

Works, P. J., and Craig, J., concurred.