**DUVALL v. WARNER BROS. THEATRES,**
Inc. et al.
**Civ. No. 6211.**

United States District Court
D. Oregon.
Dec. 14, 1951.

Bruce Spaulding, Wilbur, Mautz, Souther & Spaulding, Portland, Or., for plaintiff.

Lamar Tooze, Portland, Or., who at that time was associated with the firm of Cake, Jaureguy & Tooze, Portland, Or., for defendants.

SOLOMON, District Judge.

Plaintiff filed an action in the Circuit Court of the State of Oregon for Marion County against Warner Brothers Theatres, Inc., a California corporation, the owner of the Capitol Theatre in Salem, Oregon, and against Wallace R. Cowan, an Oregon resident and the manager of said theater. The complaint alleges that, on November 19, 1949, plaintiff paid the admission charge and attended a movie at such theater and, after having witnessed the movie, she fell while stepping from a row of seats onto the aisleway.

The two charges of negligence asserted against the defendants are: (1) failure to have the aisleway adequately lighted where plaintiff's row of seats joined said aisleway; and (2) the carpet on the steps on said aisleway where the same adjoined plaintiff's row of seats was not flush or next to the concrete steps thereof but was raised an inch or more from the concrete base of said aisleway.

Warner Brothers Theatres, Inc. filed a petition to remove the action to this Court and in the petition alleged the resident defendant was named and joined in said action for the fraudulent purpose of preventing the removal of said cause to this Court; that the plaintiff knew, or by the slightest

inquiry could have learned, that she did not have an even colorable cause of action against the resident defendant for the reason that said resident defendant, as manager of said theater, did not have as part of his duties the obligation "to maintain said floor in a reasonably safe condition nor provide adequate lighting for said aisleway nor do any act or other thing with relation to said floor and the defendant, Wallace R. Cowan, at and prior to plaintiff's alleged accident on or about the 19th day of November 1949, did not in fact do any act or thing with relation to said floor."

This case is now before the Court on plaintiff's motion to remand and in the affidavit of plaintiff which accompanied said motion, plaintiff stated, "The defendant Cowan was negligent in the respects alleged in said complaint in that, while manager of said theater, he permitted the same to be operated with the aisles improperly and inadequately lighted and he permitted the carpet on the aisleway steps to remain raised an inch or more above the concrete base of the aisleway notwithstanding he knew, or in the exercise of reasonable diligence as manager of the theater could have known, that said carpet was not flush with the aisleway and was raised above the same in such a way to cause patrons of said theater to trip thereon. * * *"

In an affidavit in behalf of defendant, Warner Brothers Theatres, resisting the motion to remand, defendant Wallace R. Cowan re-affirmed the statements in the petition to remove by stating, "I personally perform no duties in connection with lighting of said aisleway nor the installation or maintenance of the carpeting in said aisleway of said aisle and that at all times since I assumed my duties as manager of the Capitol Theatre, to the time the plaintiff fell, the carpet or lighting in said aisleway were in the same condition and during said period I never did any affirmative act whatsoever in connection with said lighting or the installation or maintenance of said carpet."

The parties here, as in the case of Smith **v.** Southern Pacific Co., 9 Cir., 187 F.2d 397, 400, the sole authority upon which plaintiff relies, agree that "(1) the right of the railroad defendant to remove the cause to a federal court is to be determined by the well-pleaded facts in the complaint at the time the petition for removal is filed; (2) the legal sufficiency of the complaint is determined by the law of the State of Oregon in effect at the time the court is called upon to make this determination; (3) that if joint liability appears from the ultimate facts pleaded in the complaint, appellant's motive in joining the individual defendant is not fraudulent even if the sole reason for joinder is to prevent removal."

Although the plaintiff charges joint negligence against both the non-resident and the resident defendants, the legal sufficiency of the complaint as against the resident defendant, with whom we are here solely concerned, is to be determined by the well-pleaded facts in the complaint.

Neither of the two charges of negligence alleges misfeasance against the resident defendant. These two charges are similar to the fifth charge of negligence in paragraph VI of plaintiff's complaint in Smith v. Southern Pacific Co., about which Judge Bone stated: "The fifth charge in the group relates to the condition of the crossing itself at the time of the accident—more specifically to the lack of proper equipment at the crossing to warn motorists of approaching trains. It may be assumed that an individual who was operating the train (as Gerousbeck was alleged to be) would be under no duty to install such equipment, and it is evident that charge 5 does not refer to him, though he is included therein by use of the word 'they.'"

If there were any doubt as to the fact that the plaintiff did not intend to charge misfeasance as against the resident defendant in her first charge of negligence in which she alleged that "they failed to have the aisleway adequately lighted where plaintiff's row of seats joined said aisleway," that doubt was cleared by the statement in plaintiff's affidavit in which she claimed that the resident defendant was negligent in that "he permitted the same (theater) to

be operated with the aisles improperly and inadequately lighted."

Here, then, there is no allegation or contention that the resident defendant, as manager, did an affirmative act or that he was guilty of misfeasance.

In Smith v. Southern Pacific, supra, the conductor on the train, was charged with affirmative acts in connection with the operation of the train and, as Judge Bone correctly pointed out, the Southern Pacific could be held responsible for these negligent acts only by application of the doctrine of respondeat superior.

In this case, plaintiff's complaint charges no more than non-feasance or an omission on the part of the resident defendant. This is not sufficient to predicate liability against him by a member of the public or even a business guest of the defendant corporation.

In Morefield v. Ozark Pipe Line Corporation, D.C., 27 F.2d 890, 891, the Court stated, "The great weight of authority establishes the rule that, where the allegations of a petition charge no more than nonfeasance or mere omission on the part of the superintendent or foreman to perform the master's duty as to inspection and repairs, such defendant is not liable to the plaintiff."

Among the other authorities supporting this view are: Macutis v. Cudahy Packing Co., D.C., 203 F. 291; Toadvine v. Cincinnati, N. O. & T. P. Ry. Co., D.C., 20 F. Supp. 226.

The resident defendant, even though manager, cannot be held liable for acts of the servant even though he had authority from the common master to supervise and direct the act of a subordinate unless he had actually participated in the wrongful act complained of. Wemett v. Mount, 134 Or. 305, 317, 292 P. 93.

The plaintiff's complaint disclosed no cause of action against the resident defendant nor any reasonable basis for joining him as a party to such action. I therefore find that he was joined solely for the fraudulent purpose of preventing removal to this Court.

Petition to remand is denied.