Louis BRIGGS, d/b/a Louis Briggs Construction Company, Plaintiff,

v.

**MIAMI WINDOW CORPORATION,**
Defendant.

Civ. A. No. 1287.

United States District Court
M. D. Georgia,
Macon Division.

June 28, 1956.

Harris, Russell, Weaver & Watkins, Macon, Ga., for plaintiff.

Jones, Sparks, Benton & Cork, Macon, Ga., for defendant.

BOOTLE, District Judge.

The plaintiff moves to remand this cause to the Superior Court of Bibb County, Georgia upon the grounds first, that the removal to this Court was not timely, and, second, that the defendant had waived its right to remove.

Plaintiff swore out an attachment against the defendant in the Civil Court of Bibb County on December 2, 1955, and caused a summons of garnishment to be served promptly upon a garnishee in Fulton County, Georgia. Thereupon counsel for defendant conferred with counsel for plaintiff and it was agreed that plaintiff would dismiss the garnishment summons on condition that defendant would make a general appearance in Bibb Superior Court, the Court to which the attachment was returnable, by filing an answer to plaintiff's declaration in attachment after the same was filed in said Court. In accordance with that agreement, the garnishment summons was dismissed and plaintiff's declaration in attachment was filed on January 20, 1956, setting forth plaintiff's claim against defendant in an amount in excess of $3,000 exclusive of interest and costs, and plaintiff's counsel then mailed three copies of this declaration in attachment to defendant's counsel. About March 13, 1956, it was agreed between counsel for plaintiff and defendant that defendant's answer would be filed prior to April 2, 1956 so that the case would be triable in Bibb Superior Court at the April, 1956 term.

Prior to the date agreed upon, and on March 21, 1956, the defendant filed in Bibb Superior Court its pleadings consisting of: (1) a plea of non-joinder; (2) a plea in abatement asking that said action be stayed and abated pending the final outcome of a suit filed in this Court on March 1, 1956 by the defendant and by Southern Supply Manufacturing Co., Inc. against this plaintiff and against Pacific National Fire Insurance Company; (3) its demurrer to plaintiff's declaration in attachment, and (4) its answer and cross-action, in which cross-action the defendant prayed for a judgment against plaintiff in the sum of $7,534.32, the defendant's prayer on its cross-action being:

"that in the event this proceeding is adjudicated on the merits by this Court the prayers of the petition be denied and that judgment be granted in favor of defendant for its use and the use of Southern Manufacturing Company, Inc., in the amount of $7,-534.32, besides interest at 7% per annum from March 1, 1955; that defendant be granted such other and

further relief as to the Court which (sic) seem just and proper."

The case was, by defendant, removed to this Court on April 2, 1956, within twenty days after defendant filed its answer thereby making its general appearance in Bibb Superior Court but more than twenty days after plaintiff's declaration in attachment was filed in said Court and copies mailed to defendant's counsel. This motion to remand followed on April 10, 1956.

As this Court sees it, the defendant, by filing its plea in abatement and its cross-action in the State Court, waived its right to remove the case to this Court. The authorities read one way on this question where the cross-action or counter-claim is filed voluntarily by the defendant and is not required by the State law to be filed in order to preserve the defendant's rights later or elsewhere to assert his counter-claim.

"The rule that a nonresident defendant by voluntarily setting up a counter-claim when sued in a State court submits to the jurisdiction of the court, is likewise well established. See, Haney v. Wilcheck, D.C.W. D.Va., 38 F.Supp. 345, 354, for a collection of authorities." Wheatley v. Martin, D.C.W.D.Ark., 62 F.Supp. 109, 115(9).

"So far as defendants plea is confined to a mere denial of the plaintiffs claim, we will assume that he waives no right by filing it simultaneously with the petition to remove. Brisenden v. Chamberlain, C.C.S.C., 53 F. 307, 311, 312; Champlain Const. Co. v. O'Brien, C.C.Vt., 104 F. 930. But this is an entirely different situation from that where a defendant, as here, voluntarily invokes the jurisdiction of the state court by seeking its affirmative aid in his behalf." Haney v. Wilcheck, D.C.W.D.Va., 38 F.Supp. 345, 355.

The case of Haney v. Wilcheck quotes copiously from the decision of the Supreme Court in the case of Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 286, 51 L.Ed. 488, to the effect that whenever a defendant sets up a counter-claim he thereby invokes the jurisdiction of the Court and by invoking it submits to it; that whenever a defendant becomes an actor he submits to the jurisdiction of the Court and that he becomes such actor when he files a counter-claim whether it be called recoupment, set-off, cross demand or what not.

In the Haney v. Wilcheck case, the defendant was sued for only $2,500 and filed a counter-claim for more than $3,000 for the purpose of creating a removable controversy. The Court said: "That they did this solely for the purpose of creating a removable controversy does not alter the effect of this voluntary and affirmative action on their part." This would seem to answer the defendant's contention here that it was only provisionally seeking affirmative action by the State Court. In the Haney v. Wilcheck case, the defendant had no intention ever to try the issues in the State Court and that was held to make no difference; in this case the defendant sought immediate relief in the State Court under its plea in abatement and prayed for an affirmative recovery on its part in the event the plea in abatement should be denied.

In the case of Texas Wool & Mohair Market Ass'n v. Standard Acc. Ins. Co., 5 Cir., 175 F.2d 835, 838, the defendant filed a third-party claim against an insurance company which appeared and filed an answer pleading its suretyship in the following words:

"At most this defendant is but a surety and if any recovery be granted against it, it should recover over against Kimble Wool & Mohair Company, Inc."

and Judge Holmes, writing for the Court, said:

"Therefore, if the surety had any right of removal, it waived the same by its answer * * *"

The defendant's counter-claim was voluntary and not compulsory under Georgia law. The foregoing authorities are, therefore, applicable and binding upon defendant. See also, Rosenblum v. Trul-

linger, D.C.S.D.Ark., 118 F.Supp. 394 (1); Baron v. Brown, D.C.S.D.N.Y., 83 F.Supp. 520(1); Hansen v. Pacific Coast Asphalt Cement Co., D.C.S.D.Cal., 243 F. 283, and Deakins v. Superior Court of California, in and for Los Angeles County, 90 Cal.App. 630, 266 P. 563(2).

In view of the conclusion above stated, it is unnecessary to decide the intriguing question whether the twenty day removal period began running when plaintiff's counsel filed the declaration in attachment and mailed copies of the same to defendant's counsel, or only when the defendant filed its answer in the State Court case and, therefore, as inviting and challenging as that question is, I shall forego discussing it.

The case must be remanded to the State Court. Counsel for plaintiff may prepare and submit an appropriate order.