Charles E. KEMP, Plaintiff,

v.

UTAH CONSTRUCTION AND MINING COMPANY, a corporation, and Joe Costello, Defendants.

Civ. No. 63–441.

United States District Court
D. Oregon.

Nov. 18, 1963.

A. J. Morris, of Bailey, Hoffman, Spencer & Morris, Eugene, Or., for plaintiff.

George H. Fraser, of Rockwood, Davies, Biggs, Strayer & Stoel, Portland, Or., for defendants.

KILKENNY, District Judge.

Poised for decision, on plaintiff's motion to remand, is the question of whether certain rules and regulations promulgated by the Oregon State Industrial Accident Commission cast civil liability on the defendant, Costello, a foreman of the corporate defendant.

Plaintiff, while employed by Utah, was assigned by Costello to assist in the repair of a machine. Plaintiff used his own tools. In the course of the repair, the plaintiff was required to remove a bearing, and in so doing placed his metal

punch upon the bearing. A co-worker, in the line of his duties, hit the punch with a hammer, owned by plaintiff, thus causing a metal object to fly and embed itself in plaintiff's right eye.

 If there is no liability, then the joinder of Costello would be viewed as improvident and the plaintiff's motion to remand should be denied.

Clearly, Costello would not be liable under the Oregon Employers' Liability Act.[1] Gray v. Hammond Lumber Company, 113 Or. 570, 232 P. 637, 233 P. 561, 234 P. 261 (1925); Thomas v. Foglio, 225 Or. 540, 545, 258 P.2d 1066 (1961); Snodgrass v. Risley, 196 Or. 506, 530, 250 P.2d 392 (1952).

The Act specifically names a foreman as one of the persons responsible for compliance with the safety provisions of the Act. Nevertheless, the Oregon Court in the Gray case held that there was no civil liability on the part of a foreman.

To escape the effect of these decisions the plaintiff argues that his complaint states a cause of action at common law, and that the provisions of the Employers' Safety Act[2] and the rules and regulations promulgated thereunder, place a liability on a foreman, such as Costello.

Although the Safety Act is not mentioned in the Gray case, that case was decided many years after the effective date of the Act, and I must assume that the Oregon Court was familiar with all legislation touching the controversy then under consideration and that consideration was given to the provisions of the Act.

 The Safety Act is independent of the Employers' Liability Act. Hillman v. North Wasco County P.U.D., 213 Or. 264, 323 P.2d 664. It is penal in nature. The embrace of such an act cannot reach beyond the plain import of the language used. Hillman v. North Wasco County P.U.D., supra.

██ The sections of the Safety Act under scrutiny[3] are, in general, nothing more than a statutory declaration of the common law. Shelton v. Paris, 199 Or. 365, 366, 261 P.2d 856; O'Neal v. Meier & Frank Co., 226 Or. 108, 259 P.2d 101.

The authority vested in the Commission by ORS 654.035, with reference to promulgating rules and regulations, is quite broad in scope. Power is given to:

"(1) Declare and prescribe what safety devices, safeguards or other means or methods of protection are well adapted to render the employes of every employment and place of employment safe as required by law or lawful order.

"(2) Fix reasonable standards and prescribe, modify and enforce such reasonable orders for the adoption, installation, use, maintenance and operation of safety devices, safeguards and other means or methods of protection, to be as nearly uniform as possible, as may be necessary to carry out all laws and lawful orders relative to the protection of the life and safety of employes in employment and places of employment.

"(3) * * *

"(4) Require the performance of any other act which the protection of the life and safety of employes in employments and places of employment may demand."

ORS 654.060 makes it the duty of every employer, *employe* and other person to obey and comply with the requirements of every order, decision, direction, rule or regulations as prescribed by the Commission, in connection with the protection of the life and safety of employees. Acting under the color of the authority granted by ORS 654.035, The Commission promulgated a basic safety code, under the provisions of which,[4]

---

1. ORS 654.305 et seq.

2. ORS 654.010 et seq. (1920).

3. ORS 654.010, 654.015.

4. "1.30 Any foreman, or person in charge

of work is held to be the agent of the employer in the discharge of his authorized duties.

"1.34 The foreman is responsible for the condition of tools and equipment. He

many specific duties were imposed on foremen, such as the defendant, Costello. Plaintiff urges that these rules and regulations imposed certain legal duties on foremen, that Costello failed to perform the duties as required by the regulations and that such failure created a personal liability.

The mandate of ORS 654.010 is directed toward the employer. No mention is made of an employee such as the defendant, Costello. This type of legislation is similar, in character, to the Oregon Employers' Liability Act, in placing the initial responsibility on the employer. However, the latter goes beyond the provisions of the Act with which I am concerned, in providing that the foreman, together with others having charge of the work, should see to a compliance with the requirements of the Act. Each Act has a criminal penalty. Prior to 1920, the year in which the Safety Act was passed, the Oregon Supreme Court, in numerous cases, held that there was no civil liability on a foreman or superintendent under the provisions of the Liability Act. Lawton v. Morgan, Fliedner & Boyce, 66 Or. 292, 131 P. 314, 134 P. 1037; Hoag v. Washington-Oregon Corporation, 75 Or. 588, 594, 596, 144 P. 574, 147 P. 756; Malloy v. Marshall-Wells Hardware Co., 90 Or. 303, 317, 350, 173 P. 267, 175 P. 659, 176 P. 589. The question was conclusively put to rest in Gray v. Hammond Lumber Co., supra. I must assume that the Legislature, in adopting the Safety Act, was familiar with these decisions, and intended that the 1920 Act should receive the same construction as that placed on the earlier legislation by the Supreme Court. De-Witt v. Rissman, 218 Or. 549, 346 P.2d 104; State v. Raper, 174 Or. 252, 149 P.2d 165.

That the Legislature, in passing the Safety Act, was familiar with the distinction between criminal punishment and civil liability, is made manifest by the language of ORS 654.050, where provision was made for both. Consequently, the Oregon Supreme Court, if faced with the construction of the Safety Act, would probably hold there was nothing in the legislation to indicate an intention to create a civil liability on the part of a foreman. Since the legislation was not sufficiently broad to create such a liability, such power or authority was completely beyond the power of the Commission, and, in my opinion, the Commission by promulgation of the Rules and Regulations never intended to place a foreman under this burden.

If ORS 654.020 is construed to authorize and empower the Commission to

---

shall make or be responsible for inspections of tools and equipment in his charge, and shall prohibit the use of those that are defective or otherwise unfit for safe use. Tools should be examined before work is started to make sure they are in good condition and suitable for the work to be performed.

"1.42 The foreman is responsible for the arrangement of his work so that the job at hand can be done with the greatest safety. Everyone in a work crew should understand the work to be done and his particular part in it. Any unusual hazards or precautions to be observed must be pointed out, and every possible step taken to eliminate all risks and delays.

"4.19 Tools shall be of safe design and construction and suited to the purpose for which they are used.

"4.20 All tools shall be kept in good condition and shall be restricted to the use for which they are intended.

"4.22 Mushroomed or crystallized iron wedges, chisels, punches, hammers and similar equipment shall be replaced or properly repaired. Exceptionally hard hammers, wedges and similar tools shall be removed from service.

"4.23 When any tools used for striking or to be struck by other tools show a tendency to chip or crack they shall be immediately discarded.

"6.3 Special protective equipment or apparel required for safe employment other than clothing or equipment customarily supplied by the employee shall be furnished by the employer where necessary for the safety of the workman.

"6.19 Goggles designed and effective for the purpose intended shall be worn for work for flying particles, dust, gasses, mists, vapors or a hazard to the eyes."

promulgate rules and regulations casting civil liability on an employee under the language "no employe shall * * * fail to do every other thing reasonably necessary to protect the life and safety of such employes" both the statute and the regulations would be faced with serious Constitutional problems. The language must be read in the light of the "other thing" mentioned in the body of the statute and, when so read, means nothing more than a statutory declaration of the common law.

Many cases hold that a violation by *an employer* of the rules and regulations promulgated by the Commission constitutes negligence per se. Arnold v. Gardiner Hill Timber Co., 199 Or. 517, 523, 263 P.2d 403 (1953); Snyder v. Prairie Logging Co., Inc., 207 Or. 572, 578, 298 P.2d 180. No case has been found applying such a rule to an employee.

To be kept in mind is the fact that we are not concerned with a charge of malfeasance or an alleged violation of an affirmative common law duty on the part of the foreman. Morefield v. Ozark Pipe Line Corporation, 27 F.2d 890 (D.C. Okla.1928); Duvall v. Warner Bros. Theatres, 112 F.Supp. 496 (D.C.Ore. 1951); Johnson v. Weyerhaeuser Co., 189 F.Supp. 735 (D.C.Or.1960).

■■ There is no merit in plaintiff's contention that defendant waived its right to remove the case by filing the motion for a change of venue from Lane to Jefferson County. Wise v. Bolster, 31 F.Supp. 856 (D.C.W.D.Wash.1939); Wright v. Lupton, 118 F.Supp. 25 (D.C. W.D.Mo.1954). Nor can plaintiff invoke the provisions of 28 U.S.C. § 1445(c). This is not an action under the Workmens' Compensation Law of the State of Oregon. Reynolds v. Harbert, 232 Or. 586, 375 P.2d 245 (1962).

The joinder of Costello was improvident. The motion to remand is denied and the cause should be dismissed as to said defendant.

It is so ordered.