The CHAMPION BRICK COMPANY OF BALTIMORE COUNTY, a body corporate

v.

SIGNODE CORPORATION, a body corporate.

Civ. No. 16175.

United States District Court
D. Maryland.
March 26, 1965.

Carl H. Lehmann, Jr., Baltimore, Md., for plaintiff.

W. A. Fisher, Jr., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Plaintiff seeks remand of this diversity action to the Circuit Court for Baltimore County on the ground that defendant waived its right to remove by filing general issue pleas in that Court before removal.

The declaration was filed in the state court on January 27, 1965, and served on defendant two days later. Defendant mailed a copy of its general issue pleas to plaintiff's attorney on February 11 and filed them on February 15.[1] It filed its petition for removal in this court on February 16, which was within the time limit provided by 28 U.S.C.A. § 1446. Meanwhile, after receiving a copy of the

pleas but before they were actually filed, plaintiff mistakenly moved to place the case on the consolidated trial docket. It was never placed on that docket, however, since notice of removal was duly sent to the state court.

Under the law governing removals before the Code of 1948, a defendant had to file his petition for removal with the state court within the time allowed "to answer or plead" to the declaration or complaint of the plaintiff. Some of the cases held that a defendant could waive his right to remove in various ways, including demurring to the complaint and contesting the case as a whole; on the other hand, there was authority that filing an appearance, pleading, opposing a temporary injunction, or taking deposition did not constitute a waiver. 1A Moore's Federal Practice, 2d ed., par. 0.157 [9], p. 311. This uncertainty created a problem for defendants' counsel in deciding whether they should plead in the state court and risk a finding of waiver or not plead and risk a default if the removal were held improper.

Under the present statute, 28 U.S.C.A. § 1446, as amended in 1949, removal must be accomplished within a definite time, in this case twenty days after the defendant was served with a copy of the declaration. Waiver of the right of removal is still possible, but the defendant's intent must be clear and unequivocal, and the courts have been slow to find waiver. Moore, op. cit., p. 313; Wright's Federal Courts, § 38, p. 115; and cases cited in those texts. The recent decisions have generally held that the right of removal is not waived by proceedings in the state courts,[2] and Rule

---

1. Under Maryland Rule 307, the pleas were due not later than February 16.
2. In Markantonatos v. Maryland Drydock Co., S.D.N.Y., 110 F.Supp. 862 (1953), it was held that entering a general appearance, answering the complaint, and serving notice to examine plaintiff did not constitute a waiver. See also Perpetual Building and Loan Association v. Series Directors, 4 Cir., 217 F.2d 1 (1954), cert. den. 349 U.S. 911, 75 S.Ct.

599, 99 L.Ed. 1246; Acme Markets, Inc. v. Retail Store Employees Union Local No. 692, D.Md., 231 F.Supp. 566 (1964); Kemp v. Utah Const. & Min. Co., D.Or., 225 F.Supp. 250 (1963); Dri Mark Products, Inc. v. Meyercord Co., S.D.N.Y., 194 F.Supp. 536 (1961); Mayor and City Council of Baltimore v. Weinberg, D.Md., 190 F.Supp. 140 (1961); Minkoff v. Scranton Frocks, S.D.N.Y., 172

**4**

81(c), F.R.Civ.P., as amended in 1948, clearly implies that, if a removal petition is timely, the right of removal is not lost by the defendant's answering in the state court prior to filing a petition for removal in the federal court.[3] A contrary construction would either needlessly subject defendants to the danger of a default in the state court if the removal were held to be improper, or would, in many cases, have the effect of shortening the twenty-day statutory period in which a defendant may determine whether to remove.

This Court concludes that filing a general issue plea before timely removal does not waive the right to remove.

The motion to remand is hereby denied.

F.Supp. 870 (1959). Cf. Briggs v. Miami Window Corp., D.Ga., 158 F.Supp. 229 (1956), where a defendant filed a counterclaim which was not compulsory under state law. But in Parkhill Produce Co. v. Pecos Val. Southern Ry. Co., S.D.Tex., 196 F.Supp. 404 (1961), it was held that the right to remove was not waived by filing a compulsory counterclaim in the state court.

3. The legislative history of the 1949 amendment to sec. 1446(b) (Chap. 139, sec. 83, P.L. 72) states: "The first paragraph of the amendment conforms to the amendment of rule 81(c) of the Federal Rules of Civil Procedure, relating to removed actions, adopted by the Supreme Court on December 29, 1948, and reported by the Court to the present session of Congress." 2 U.S.Code Congressional Service, 81st Cong., 1st Sess. (1949), p. 1268.