Rogers W. Kirven, Florence, S. C., for plaintiff.

C. Weston Houck, of Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff seeks remand to Darlington County of his damage suit commenced June 27, 1966, by service [1] in Darlington County, South Carolina. On July 1, 1966, defendant filed demurrer in State court. On July 18, 1966, defendant filed Petition, Bond for Removal, and accompanying papers seeking removal to this court. Plaintiff's motion insisted: (1) Notice of motion to remove was not made on time; (2) by interposing State court demurrer defendant waived right of removal. This court denies the motion on each and both grounds.

No longer must removal be sought within the 20 days previously limited by provisions of statute.[2] On September 29, 1965, the President of the

**Odell HILDRETH, Plaintiff,**

v.

**GENERAL INSTRUMENT, INC., Defendant.**

**Civ. A. No. 66–517.**

United States District Court
D. South Carolina,
Florence Division.

Sept. 13, 1966.

---

1. S.C.Code § 10–401 (1962) provides: Civil actions in the courts of record of this State shall be commenced by service of a summons.

2. 28 U.S.C.A. § 1446(b) (Supp.1965).

United States signed an Act enlarging the time to 30 days.[3] The July date of filing removal papers was well within the statutory period.[4]

Plaintiff argues that Case v. Olney, 106 F. 433 (S.D.Cal.1909), controls, holding defendant waived his right of removal of a suit to federal court where, not served with process, he nevertheless, within the time allowed in California "to answer or plead to the declaration or complaint," voluntarily appeared, interposed a demurrer and stipulated procedure as to hearing of same.

Examining a long-time friend of reference, this court quotes:[5]

The right of removal may be lost or waived, but the courts are slow to find such a waiver, even where the defendant has taken action in state court prior to seeking removal.

South Carolina requires responsive pleading within 20 days.[6] Defendant, through Darlington County counsel, interposed demurrer. Insurance indemnity counsel, once retained, petitioned for removal. Situations of this nature were contemplated by Congress[7] in their committee action to enlarge the time for removal.

To find a waiver here would defeat the intent of Congress in amending the statute. Under state law defendant must plead within 20 days. If it were not contemplated that defendant were to have longer, Congress would not have enlarged the period. If Congress intended to limit, it would have spelled that out. In *Olney*, supra, the district court specifically referred to the Act of Congress of August 13, 1888.[8] The Congress has now recognized the need for further time to seek removal; it has abated the limitation of state law. Otherwise, on the 21st day right to removal would perish.

■ This court adopts the language of Maryland District Chief Judge in Champion Brick Co. of Baltimore County v. Signode Corp.;[9]

Waiver of the right of removal is still possible, but the defendant's intent must be clear and unequivocal, and the courts have been slow to find waiver. * * * The recent decisions have generally held that the right of removal is not waived by proceedings in the state courts * * *.

■ To hold that defendant's right of removal was lost here by interposing a demurrer in the South Carolina Court would work a harsh and unjust forfeiture of defendant's rights as contemplated by the enlargement provided by Congress in the 1965 amendment. It would have the effect of shortening the statutory period in which a defendant

---

3. 28 U.S.C.A. § 1446(b) (Supp.1965) now provides: The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

   If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

4. This court discussed the impact of the enlargement in Myers-Arnold Company v. Maryland Cas. Co., 248 F.Supp. 140 (D. S.C.1965).

5. Wright, Federal Courts § 39 (1963).

6. See S.C.Code § 10–641 (1962).

7. See discussion in Myers-Arnold Company v. Maryland Cas. Co., 248 F.Supp. 140 (D. S.C.1965).

8. 1 Supp.Rev.Stat. p. 613.

9. 37 F.R.D. 2 (D.Md.1965).

may determine when to remove.[10]   Under these facts no waiver has occurred.

Motion of plaintiff denied.

Petition for removal granted.

And it is so ordered.

---

10.  See Champion Brick Co. of Baltimore County v. Signode Corp., 37 F.R.D. 2 (D.Md.1965).

