**WRIGHT v. LUPTON.**
Civ. A. No. 190.

United States District Court
W. D. Missouri, W. D.
Feb. 3, 1954.

Graham & Stipp, Carrollton, Mo., F. L. Thompson, of Popham, Thompson, Popham, Mandell, Trusty and Green, Kansas City, Mo., for plaintiff.

D. D. Thomas, Jr., Carrollton, Mo., Wm. H. Sanders, of Caldwell, Downing, Noble & Garrity, Kansas City, Mo., for defendant.

DUNCAN, District Judge.

The matter before the court is the motion of plaintiff to remand this case to the State Court. The transcript filed in this court fails to reveal the filing dates of the complaint or any of the pleadings, and the court must rely upon the suggestions filed in support of plaintiff's motion to remand for that information. There appears to be no dispute as to the dates.

On October 20, 1951 plaintiff, a resident of Missouri, filed this suit in the Circuit Court of Carrell County, Missouri, against the defendant, a non-resident, in the sum of $2,900. On January 20, 1951 the defendant filed his answer to plaintiff's petition, and on January 21, 1953 defendant filed an amended answer and counterclaim (the latter being compulsory under the laws of Missouri, V.A. M.S. § 509.420) in the sum of $15,000.

On February 16, 1953 plaintiff filed a reply to defendant's amended answer and counterclaim, and an amended petition increasing the amount of his prayer to $15,000. On March 4, 1953 defendant filed his petition and bond for removal. On January 8, 1954 plaintiff filed a motion to remand, alleging that the defend-

ant, by filing his counterclaim, submitted himself to the jurisdiction of the State Court, and thus could not thereafter remove to this court. In the alternative he contends that as the counterclaim was a compulsory one, if the filing thereof gave defendant the right to remove, it must have been exercised within twenty days after the filing of such counterclaim, and that having failed to do so, he could not thereafter, following the filing of the amended complaint, remove the case. The section of the removal statute involved here is 28 U.S.C.A. § 1446(b), the second paragraph of which provides:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

■ It is apparent from the text of the above section that the plaintiff's first contention is without merit. The statute expressly provides for removal where it first appears from the plaintiff's pleadings that the action is removable. The pleadings of a defendant prior to the time when it first appears from plaintiff's pleadings that the cause is removable will not effect a waiver of the statutory right to removal.

The plaintiff cites several cases in support of his alternative contention, but only two which I think necessary to discuss here. One is Wheatley v. Martin, D.C.Ark., 62 F.Supp. 109, a case in which the jurisdictional amount of the court was stated in a compulsory counterclaim. In that case the court held that defendant had the right under the removal statute to remove the case to the Federal Court.

The other case is Lange v. Chicago, R. I. & P. Ry. Co., D.C.Iowa, 99 F.Supp. 1. There the plaintiff instituted suit against the defendant for a sum very much less than the jurisdictional amount of the Federal Court, and thereafter the Railroad Company filed a counterclaim, compulsory under the laws of the State of Iowa, in which it sought damages in an amount in excess of the jurisdictional amount of the Federal Court.

It also filed petition for removal, and the court held that the defendant was entitled to remove on the ground that the amount in controversy, including the amount sought in the counterclaim, was in excess of $3,000, and quoted with approval, Wheatley v. Martin, supra, which was decided in 1945, prior to the amendment of and the adoption of the last paragraph of § 1446(b), Title 28 U.S.C.A. The Lange case was decided in 1951 subsequent to the amendment of that section.

An analysis of these two cases distinctly reveals that the question before the court in the present case is entirely different than the ones before the courts in those cases. No authority has been cited, and I have been unable to find any, deciding the question before the court in this case.

■ I think the only question for serious consideration here is whether or not the failure of the defendant to take advantage of the right to remove upon the filing of his compulsory counterclaim, estopped him from thereafter filing such motion when it became removable because of the action of the plaintiff in increasing the amount of his prayer. I can find no authority which indicates to me that he should be so estopped.

Under the facts in this case it is not necessary for this court to determine the question of whether or not an action is removable where the jurisdictional amount first becomes apparent upon the filing of a compulsory counterclaim. I can conceive that there may be many reasons why a defendant who is required to file such compulsory counterclaim should not desire to invoke the jurisdiction of the Federal Court, even though he might have the right to do so upon the filing of such a counterclaim. But I can see no reason why he should be estopped or pre-

vented from filing such petition or invoking the jurisdiction of this court when the plaintiff amends his complaint, bringing the amount in controversy within the jurisdiction of this court.

It seems to me that the statute is clear and plain in this respect. The petition to remove was filed within twenty days after the filing of the amended complaint increasing the amount in excess of the required $3,000.

The motion to remand is therefore hereby overruled.