**SOUTHWEST TRUCK BODY COMPANY, Inc., a Corporation, Plaintiff,**

**v.**

**Laurence Denzol COLLINS, Raymond Coughlin, Riley Cox, Representatives of That Class Known Herein as "Persons Whose Employment with Plaintiff Terminated on or About January 3, 1968," Defendants.**

**Civ. A. No. 2390.**

United States District Court
W. D. Missouri, S. D.
March 14, 1968.

Harold L. Henry, West Plains, Mo., for plaintiff.

R. Jack Garrett, West Plains, Mo., Church, Jones & Karchmer, Springfield, Mo., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

BECKER, Chief Judge.

Plaintiff states that violence, including shooting, and threats of violence have followed removal of this case and dissolution of the temporary injunction herein by this Court. Without deciding whether these statements are true, and if true who is responsible for the violence, it is clear that this is an urgent matter requiring prompt decision. For this reason defendants' motion for an extension of time to file written suggestions is denied. Defendants have been requested, however, to submit citation of authority orally, and have done so.

For the reasons hereinafter stated, the motion to remand will be granted.

The plaintiff employer, Southwest Truck Body Company, Inc., ("Southwest" hereafter) instituted this civil action in the Circuit Court of Howell County, Missouri, by filing therein a petition for injunction against the three named defendants individually and as representatives of a class of 82 former employees allegedly engaged in acts of illegal picketing, obstruction, violence, intimidation calculated to prevent Southwest from being served by its employees, doing business with its customers, and receiving services from its employees.

Shortly after the filing of the petition the state court (Magistrate in absence of Circuit Judge) issued a "temporary injunction" ex parte prohibiting the defendants from committing, among other things, acts of obstruction, violence, intimidation and from "collecting, either singly or in combination with others, in and about the approaches of plaintiff's said place of business or in the public streets and highways." (This order was vacated on February 20, 1968, by order of this Court on defendants' motion because of its issuance *ex parte.*) The granting of the motion to remand should not be construed to indicate any approval or disapproval of the unusually broad restraining order which could be interpreted to prohibit peaceful, reasonable, nonviolent picketing.

*Petition for Removal and Grounds*

On February 8, 1968, defendants filed in this Court a petition for removal of this cause from the state court, basing the removal on Section 1441 of Title 28 U.S.C.A., which permits: under paragraph (a), removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction" (except as otherwise expressly provided); under paragraph (b), removal of "[a]ny civil action of which the district courts have original jurisdiction on a claim or right arising under the Constitution, treaties or laws of the United States" without regard to citizenship or residence of the parties; under paragraph (c), removal of the entire case joining separate and independent removable claims with otherwise non-removable claims. In its removal petition, defendants further cite the Labor Management Relations Act "29 U.S.C.A. §§ 141 et seq." and state that plaintiff is an employer engaged in interstate commerce, performing contracts with the United States, exceeding $50,000 per annum, coming "within the jurisdictional standards of the Na-

tional Labor Relations Board" and that defendants are "employees or former employees" of Southwest "who are members of a union that is the legally certified bargaining representative of the plaintiff under 29 U.S.C.A. §§ 141 et seq., the National Labor Relations Board having thus previously actually asserted jurisdiction over the plaintiff corporation."

*Proceeding in the State Court After Restraining Order and Before Removal*

The record and files in this case show that after filing of the action in the state court the following proceedings occurred. Plaintiff filed an injunction bond of $1,000.00 as required by the order granting a temporary injunction. Summons were served on the individual defendants. On January 11, 1968, plaintiff filed in the state court a verified "Application for Enforcement of Injunction" which stated Hawkins and Osborn, members of the defendant class of former employees, after service of the temporary injunction, disobeyed the injunction by congregating on the premises of plaintiff and in the streets and highways for the purpose of preventing customers and persons from transacting business with the plaintiff. On January 13, 1968, plaintiff filed a similar verified application in the state court stating that the individual defendant Riley Cox and three members of the defendant class, after service of the temporary injunction, congregated in the streets and highways for the purpose of intimidating plaintiff's employees and preventing plaintiff's customers from transacting business with the plaintiff. On January 16, 1968, plaintiff filed a similar verified application for enforcement of the injunction, charging Decker and Dillard Collins, members of the defendant class, with disobedience of the temporary injunction after service of the temporary injunction on them.

As the applications for enforcement of the injunction were filed the state court issued, and caused to be served (on all but Decker), orders to show cause ("citations for contempt") why the allegedly disobedient parties should not be adjudged in contempt. Each of these orders to show cause was made returnable at 9 a. m. January 17, 1968.

Thereafter on January 20, 1968, defendants filed motions "to quash the contempt citations" and "to dissolve injunction." The grounds of the motion to quash were (1) the state court was without jurisdiction of the subject matter of the action or over the persons of the defendant; (2) the state court lacked "jurisdiction to issue such injunction" ; and (3) the "contempt citation is unconstitutional in its substance and form."

The grounds of the motion to dissolve the injunction were (1) the Court was without jurisdiction of the persons or the subject matter of the action, and (2) the injunction was "in direct violation of the Constitution of the United States of America."

Thereafter on January 25, 1968, after hearing and arguments on defendants' motions to quash and to dissolve, the state court denied both motions and set the case for hearing on the "citations for contempt."

On February 2, 1968, defendants filed in the Springfield Court of Appeals a petition for a writ of prohibition prohibiting the Circuit Judge and Magistrate from enforcing the temporary injunction and from entertaining jurisdiction of the civil action on the merits.

On February 7, 1968, defendants' petition for prohibition was denied without prejudice by the Springfield Court of Appeals.

The petition for injunction in the state court alleged that the defendants, while employees and members of the Aerospace Workers Union "walked off" their jobs thereby terminating their employment.

Some time prior to February 13, 1968, defendants, in a complaint to the National Labor Relations Board, charged the plaintiff Southwest and the certified Union (International Association of Machinists AFL-CIO Local 777) with viola-

tions of Section 8 of the National Labor Relations Act as amended. The gist of the complaint against the employer Southwest was that defendants had been discharged for activity protected by the Labor Management Relations Act. The gist of the charge against the Union was that the Union treated grievances in a discriminatory manner. The Regional National Labor Relations Board determined that there was no merit in either complaint. The interested parties and counsel were formally notified of this determination by letter February 13, 1968, written by the Regional Director. In this letter it was stated that it appeared that defendants were not released for any protected activity. In this connection, the following appeared: "Instead, it appears they were terminated for engaging in a cessation of work in violation of the current collective bargaining agreement". In other words the finding of the National Labor Relations Board was, as plaintiff claims, that the work stoppage and subsequent activities of defendant were a breach of the "no strike" clause of the current collective bargaining agreement. This determination for National Labor Relations Board purposes was final except for defendants' right of appeal to be filed on or before February 26, 1968. No appeal appears to have been taken by defendants within the allowed time.

At this point it should be noted that the petition for injunction was based on an alleged use of force and threat of force to prevent Southwest and its employees from doing business and on an alleged nonviolent picketing. Each and all of these alleged acts are claimed to be in violation of state law.

### Defendants' Contentions

Defendants contend (1) the removal was proper; and (2) that on removal this Court is forbidden to issue an injunction because of the prohibitions of the Norris-LaGuardia Act. 29 U.S.C.A. § 104, which provides in the relevant portion:

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

"(a) Ceasing or refusing to perform any work or to remain in any relation of employment; * * *"

Among other cases, Avco Corp. v. Aero Lodge No. 735 (C.A. 6) 376 F.2d 337, cert. granted, 389 U.S. 819, 88 S.Ct. 103, 19 L.Ed.2d 68, is cited in support of defendants' petition for removal.[1] This and other cases will be discussed hereinafter.

### Plaintiff's Contentions

Plaintiff contends (1) that defendants have waived their right, if any, of removal by their conduct in the interval between the filing of the action and the filing of the petition for removal; (2) that this action is based upon a state created right, not a federal right; (3) that, if applicable, the Norris-LaGuardia Act deprives this Court of jurisdiction to hear the controversy, and therefore removal is not proper; and (4) that the Norris-LaGuardia Act does not apply because this is not a case or dispute between an employer and a labor union, but a case between a group of former employees on the one hand and the employer and union on the other hand and therefore not controlled by the ruling of the *Avco Corporation* case, supra, if that ruling is sound.

### The Waiver Question

Plaintiff Southwest contends that the motion to remand should be granted because defendants have waived any right to remove the case which may

---

[1.] Subsequent to the filing of this order, the *Avco* case was decided in the Supreme Court. 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126. That decision does not affect this order.

exist by seeking affirmative relief in the state courts. In making this contention plaintiff admits "that defendants' submission to the state courts was not on the factual merits, but on the substantive issue of whether Federal law preempts and precludes State Court restraint if any picketing." This admission correctly describes the nature of the prohibition proceedings in the Springfield Court of Appeals and perhaps the defendants' motion to dissolve. It does not however correctly describe the scope of the contentions of defendants in the motion to quash the contempt citations which include grounds that the injunction order "was an illegal order in that the court has no jurisdiction to issue such injunction" and that the "contempt citation is unconstitutional in its substance and form." Under these general grounds both state and applicable federal standards were invoked and could be considered. There is no limitation in these grounds to the federal grounds now submitted in support of removal. Regardless of the scope of the contentions submitted by defendants to the Circuit Court and to the Springfield Court of Appeals it is clear that favorable action by a state court on any of the motions and petition for prohibition filed by defendants would "have resulted in dismissal of the action" and therefore defendants "elected" their "forum". O. G. Orr & Co. v. Fireman's Fund Ins. Co. (S.D.N.Y.1929) 36 F.2d 378; Vendetti v. Schuster (W.D.Pa.1965) 242 F. Supp. 746, l. c. 752–754, and cases therein cited; Wright on Federal Courts § 39, p. 115. Professor Wright there notes that courts are reluctant to find a waiver of the right to remove by defensive actions such as appearance answer, taking depositions and giving bond to release attachment. He notes however that voluntary filing by defendant of an affirmative claim for relief (cross action) in a state court has been held to waive the right of removal. Note 41 citing Briggs v. Miami Window Corp. (D.Ga. 1956) 158 F.Supp. 229. The petition for prohibition filed by defendants in this case is such an affirmative claim for relief.

The federal jurisprudence on the question of waiver is in 1 Barron & Holtzoff (Wright Ed.) § 101 and 1A Moore's Federal Practice ¶0.157[9] citing among other cases Wright v. Lupton (W.D. Mo.) 118 F.Supp. 25 and Minkoff v. Scranton Frocks, Inc. (S.D.N.Y.) 172 F.Supp. 870. These cases are distinguishable on the ground that the merits of the claim of federal preemption was not submitted to and decided by the trial court before removal and because no independent proceeding in prohibition was voluntarily filed in the state court.

All federal courts are not in precise agreement on what acts constitute a waiver of the right of removal. Moreover, there is no comprehensive controlling appellate jurisprudence because of the absence of a right to appeal an order of remand. In this case however it is concluded that defendants have waived the right of removal and the case should be remanded to the state court. Whether the issue tried is only the federal claim as in the prohibition proceeding or a combination of federal and state claims as in the motions to quash and to dissolve, the following words of Judge Woolsey in the O. G. Orr & Co. case, supra, are particularly applicable in this case:

"Having thus on its own initiative submitted itself to the jurisdiction of the state court, and having unsuccessfully tried there an issue, which, if successfully maintained, would have resulted in a dismissal of the action, the defendant elected its forum; and, having made the election, it cannot thereafter be allowed to remove the case to the federal court."

### Merits of Right of Removal

Decision on the merits of the right of removal would determine the right of plaintiff to relief. The difficulty in reaching such a decision is the lack of clear controlling authority.

In one view, by an unusual combination of federal statutes, the defendant can remove an action for injunction against peaceful picketing from a state court to a federal court (under Section 301 LMRA) and then successfully contend that the federal court is powerless to grant injunctive relief because of the Norris-LaGuardia Act. Section 104, Title 29 U.S.C. Such an unusual result occurred in Avco Corporation v. Aero Lodge No. 734 (C.A. 6) 376 F.2d 337 now pending in the Supreme Court of the United States for review on certiorari which has been granted. 389 U.S. 819, 88 S.Ct. 103, 19 L.Ed.2d 68.[2] The rule in the Third Circuit Court of Appeals is directly contrary to the rule in the *Avco Corporation* case, and holds that § 301 of the LMRA, 29 U.S.C. Sec. 185 does not make suits such as this removable from state courts. American Dredging Co. v. Local 25 (C.A. 3) 338 F.2d 837, cert. den. 380 U.S. 935, 85 S. Ct. 941, 13 L.Ed.2d 822. Apparently both the *Avco* case and the *American Dredging Co.* case involve peaceful picketing.

On the merits of the issue, there is substantial authority that a case such as this charging the defendants with violence, intimidation and obstruction of egress and ingress to plaintiff's plant in addition to peaceful picketing is not removable. Acme Markets, Inc. v. Retail Store Employees Union (D.Md.) 231 F.Supp. 566. In that case, Chief Judge Thomsen forcefully states reasons for denying removability of cases for injunction not based exclusively on federal law. In 1A Moore's Federal Practice ¶0.167[7], the cases are summarized and the majority rule is stated to be sound and is as follows:

"The majority view, which we believe is sound is that a federal district court must remand suits requesting injunctive relief that is beyond the federal court's original jurisdiction, even when the action couples a prayer for damages and even when the federal court believes the state court lacks jurisdiction."

Therefore, it appears that where claims for relief based on state law against violence are joined with a claim for injunction against peaceful picketing under a labor contract between a union and an employer engaged in interstate commerce, the case is not removable under the weight of authority.

Because of the pending review of the *Avco* case and the *American Dredging Co.* case by the Supreme Court, it is not deemed wise to place the ruling on this ground. Cf. Lesnick, State Court Injunctions and the Federal Law of Labor Contracts: Beyond Norris-LaGuardia, 79 Harvard L.Rev. 757.

In this case plaintiff Southwest contends that even under the rule of the *Avco Corporation* case, supra, that Section 301 is inapplicable because this is not a suit "between an employer and a labor organization" but a suit between an employer and discharged employees who are engaged in activity in violation of a "no strike" clause and in violation of state law. In this respect this case is distinguishable from the *Avco Corporation* case and is to that extent a stronger case for the plaintiff. This may or may not be a distinction without a difference when and if the Supreme Court of the United States resolves the conflict between the *American Dredging* and *Avco Corporation* cases. Forecasting in this field is not necessary in the context of this case and the disposition of the waiver question.

This action of this court is not intended as a determination of the questions of choice of law applicable, of the claim of preemption on the merits, or to indicate in any way whether the plaintiff is entitled to any relief.

For the foregoing reasons, it is hereby

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Howell County, Missouri.

---

2. See footnote 1, supra.