SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment of the trial court granting appellee-plaintiff a jury verdict of $11,000. This suit is a negligence action to recover for damage caused by water leaks from air conditioning equipment that appellant installed in appellee’s apartment building. The former instituted suit against the latter prior to the instant litigation and recovered in excess of $22,000 for labor and materials supplied during the installation of the defective air conditioning system. The damages and defects which form the basis for recovery in the case at bar were incurred and known to appellee before the bringing of the antecedent action.
The first complaint resulted in the entry of a decree pro confesso in favor of appellant; a subsequent amended final judgment of foreclosure was rendered, but judicial sale of the apartment building was averted by payment of the aforesaid $22,000.
Appellant urges that this posture of the litigation below requires a determination that its motion for directed verdict should have been granted. We agree and reverse.
The gist of the applicable law is that the basis for recovery below, being known to appellee when the preceding dispute was aired, was a compulsory counterclaim that should have been asserted in the prior litigation. The record on appeal demonstrates that this basis of recovery arose out of the same transaction or occurrence that was the subject matter of the preceding cause of action, and did not require for its adjudication the presence of third parties of whom the court could not have acquired jurisdiction. In addition, the previous lawsuit proceeded to a judgment. Thus, the action in the lower court must be identified as a compulsory counterclaim in the anterior case. See Rule 1.170, Florida Rules of Civil Procedure, 30 F.S.A., and Pesce v. Linaido, 123 So.2d 747 (Fla.App.3d 1960) [a much-cited Florida decision dealing with compulsory counterclaims].
Having disregarded the sole opportunity to present a compulsory counterclaim, ap-pellee now has no legal avenue of recovery that permits the affirmance of the judg *321 ment appealed. We accordingly reverse the final judgment and remand this cause for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.
WIGGINTON and JOHNSON, JJ., concur.