**George E. PARIS, Plaintiff,**

v.

**Thomas AFFLECK, Jr., and "Intrepid", Defendants.**

**No. 77–136–Civ–J–T.**

United States District Court, M. D. Florida, Jacksonville Division.

May 18, 1977.

Granville C. Burgess, Fernandina Beach, Fla., and Gary A. Bubb, Jacksonville, Fla., for plaintiff.

Thomas Affleck, III, Decatur, Ga., for defendants.

## OPINION

CHARLES R. SCOTT, District Judge.

The Court has before it plaintiff's motion to remand this case to the state circuit court from which it was removed. The issue presented by this motion is whether defendant waived his right to remove this action under diversity of citizenship and

maritime jurisdiction, by filing a counter-claim in state court. If so, then this case was improvidently removed and the court may properly remand it; but if not, the case must remain in federal court. *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 345, 96 S.Ct. 584, 46 L.Ed.2d 542, 549, 551 (1976).

This case was commenced in state court under the Florida summary procedure statute that requires a defendant to file an answer within five days after service of process of the plaintiff's complaint. *Fla. Stat.* § 51.011(1).[1] While in state court, the case was controlled by Florida civil procedure. Florida Rule of Civil Procedure 1.170(a)[2] provides that, when a defendant's claim against a plaintiff "arises out of the transaction or occurrence that is the subject matter of" the plaintiff's claim, then the defendant's claim is a compulsory counter-claim; and it must be asserted in the existing action or it will be barred. *Hightower v. Bigoney,* 156 So.2d 501, 502 (Fla.1963); *Stone v. Pembroke Lake Trailer Park, Inc.,* 268 So.2d 400, 402 (4th D.C.A. Fla. 1972); *McDonald Air Conditioning v. 1041 Corp.,* 251 So.2d 319, 320–21 (1st D.C.A. Fla. 1971); *State ex rel. Rosenfeld v. Boyer,* 145 So.2d 547, 549 (1st D.C.A. Fla. 1962); *Pesce v. Linaido,* 123 So.2d 747, 749 (3rd D.C.A. Fla. 1960).

When defendants filed their answer in state court, they also asserted a counter-

1. *Fla.Stat.* § 51.011(1) provides:

The procedure in this section applies only to those actions specified by statute or rule. Rules of procedure apply to this section except when this section or the statute or rule prescribing this section provides a different procedure. If there is a difference between the time period prescribed in a rule and in this section, this section governs.

(1) *Pleadings.*—Plaintiff's initial pleading shall contain the matters required by the statute or rule prescribing this section or if none are so required, shall state a cause of action. All defenses of law or fact shall be contained in defendant's answer which shall be served within five days after service of process. If the answer incorporates a counterclaim, plaintiff shall include all defenses of law or fact in his answer to the counterclaim and shall serve it within five days after service of the counterclaim. No other pleadings are permitted. All

defensive motions, including motions, to quash, shall be heard by the court prior to trial.

2. *Fla.R.Civ.P.* 1.170(a) provides:

(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule.

claim against plaintiff. There is no doubt that defendants' counterclaim arises out of the same transaction or occurrence that constitutes the subject matter of plaintiff's claim in this action. Hence, under *Fla.R. Civ.P.* 1.170(a), that counterclaim would be a compulsory one. There is some reasoning, based on *Wright v. Lupton,* 118 F.Supp. 25 (W.D.Mo.1954),[3] that the filing of a compulsory counterclaim is not a waiver of the right to remove a case to federal court. Wright, Miller & Cooper, 14 *Fed.Pract. & Proc.* § 3721. The theory is that, because of its obligatory character, a compulsory counterclaim does not constitute a voluntary submission of one's claims to a state forum, thereby waiving the choice of a federal forum and estopping a defendant from removal. Plainly, that is defendants' contention.

Rule 1.170, however, contains some exceptions.[4] One of those exceptions is that, if the defendant's claim is already the subject of a pending action at the time the plaintiff commences his action, then notwithstanding the identity of transaction or occurrence from which both claims arise, the defendant need not assert his claim (already pending in a prior action) in the plaintiff's later action. Under that exception, such a claim clearly is not a compulsory counterclaim. To be sure, it is not included in the definition of 'permissive counterclaim' *Fla.R.Civ.P.* 1.170(b);[5] but it is expressly not a compulsory counterclaim either.

On January 19, 1977, this action was commenced in state court, and on that same day defendant, Thomas Affleck, Jr. (along with his father) commenced an action in this Court against George E. Paris (the plaintiff in this case) and wife, and the marina where they work. *Affleck v. Paris,* Case No. 77–9–Civ–J–S. An examination of the complaint in No. 77–9–Civ–J–S reveals that it is verbally identical to the counterclaim filed two weeks later by defendants in this case. The only variation is the interchange of the terms 'plaintiff' and 'defendant' to reflect the parties' inverted procedural posture in this case. It is clear, therefore, that at the time defendants filed their counterclaim in this action, they already had an original action pending in this Court concerning the same claim. Hence, it is equally clear that, under the exception of *Fla.R. Civ.P.* 1.170(a), defendants' counterclaim in this case was not compulsory and they were not obligated to file it.

Decisional law is definite that, by filing a counterclaim that is not compulsory under state law, a defendant has voluntarily submitted himself and his claims to the state forum. Correlatively, he has waived his right to seek the jurisdiction of the federal forum and is estopped from removal. *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D.Pa.1976); *Sood v. Advanced Computer Techniques Corp.,* 308 F.Supp. 239, 242 (E.D.Va.1969); *Briggs v. Miami Window Corp.,* 158 F.Supp. 229, 230–31 (M.D.Ga. 1956).

The Court now holds that, when defendants filed their counterclaim in this case, with an original action on the same claim already pending in this Court, they waived their right to remove this case to federal court and are estopped from removal by their decision to invoke state court jurisdiction over their claim. Consequently, this

3. In *Wright v. Lupton,* 118 F.Supp. 25 (W.D. Mo.1954), the plaintiff, when filing in state court, did not originally pray for relief sufficient to meet the jurisdictional amount for federal court. After the defendant filed an answer and compulsory counterclaim in state court, however, the plaintiff filed an amended petition, increasing his prayer for relief to exceed the requisite federal amount. The action therefore, did not become removable until after the defendant's compulsory counterclaim was filed; and it was under those circumstances that the filing of the counterclaim did not constitute a waiver of the right to remove. *Id.* at 26. *Cf. Southwest Truck Body Co. v. Collins,* 291 F.Supp. 658, 662 (W.D.Mo.1968).

4. See note 2, *supra.*

5. *Fla.R.Civ.P.* 1.170(b) provides:

(b) *Permissive Counterclaim.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

case was improvidently removed to this Court and it must be remanded.