**LIFE–LINK INTERNATIONAL, INC.,**
**Plaintiff–Appellant,**

v.

**Ozzie LALLA; and Nena Lalla, doing**
**business as The Apparel Group,**
**Defendants–Appellees.**

**No. 89–1107.**

United States Court of Appeals,
Tenth Circuit.

May 3, 1990.

Charles F. Reams of Reams, Reams & Jackson, Grand Junction, Colo., for plaintiff-appellant.

Gerald B. Feather of Feather Legal Services, Grand Junction, Colo., for defendants-appellees.

Before LOGAN, JONES,* and SEYMOUR, Circuit Judges.

PER CURIAM.

Plaintiff, Life–Link International, Inc., appeals from an order of the district court dismissing this action with prejudice by virtue of duplicative proceedings pending in state court. We reverse the district court's order.[1]

In February 1988, defendant Ozzie Lalla commenced an action in a Colorado state court against plaintiff for collection of a debt. Plaintiff counterclaimed for trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C.

§ 1125(a); common law unfair competition, trademark infringement, and injury to business reputation; deceptive trade practices under Colo.Rev.Stat. § 6–1–105; and breach of contract.

In June 1988, plaintiff commenced this action in federal district court against defendants Ozzie Lalla and Nena Lalla. Nena Lalla is not a party in the state court action. Plaintiff alleged the same claims in this action as it raised in its state court counterclaim. Plaintiff also moved the state court to stay all proceedings, including discovery, pending completion of the federal action. In September 1988, the state court granted that motion. Defendants subsequently moved to dismiss the federal suit on the ground that plaintiff waived its right to invoke the jurisdiction of the federal court by asserting counterclaims in the state court action rather than removing that action to federal court. The district court granted defendants' motion, dismissing with prejudice.

On appeal, plaintiff argues that the district court erred in dismissing its suit and further argues that even if this ruling was correct, dismissal with prejudice was error. Defendant argues only that the district court was correct in dismissing the case, agreeing that dismissal should have been without prejudice. We agree with plaintiff that the district court should not have dismissed this suit.

The district court dismissed this action on the ground asserted by defendants, citing *Paris v. Affleck*, 431 F.Supp. 878 (M.D.Fla.1977). But *Paris* was a removal case regarding whether claims could be concurrently litigated in two federal courts and, thus, is inapplicable to this case of concurrent litigation as between a state and a federal court. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). And the Supreme Court has stated that "[t]his Court

* The Honorable Nathaniel R. Jones, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

never has intimated acceptance of [the] view that the decision of a party to spurn removal and bring a separate suit in federal court invariably warrants the stay or dismissal of the suit under the *Colorado River* doctrine." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 290, 108 S.Ct. 1133, 1144, 99 L.Ed.2d 296 (1988). Therefore, we must hold that the district court erred in dismissing this action solely on the grounds of waiver. So concluding, ordinarily we would remand to the district court with directions to apply the appropriate standard, since "the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance.... [and] such discretion must be exercised under the relevant standard." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). But we believe it would be an abuse of discretion to defer to the state court under the circumstances of this case.

■ A federal court may decline concurrent jurisdiction under the doctrine of abstention. The Supreme Court has identified three "exceptional circumstances" in which abstention is appropriate: (1) "a federal constitutional issue ... might be mooted or presented in a different posture by a state court determination of pertinent state law;" (2) the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" or "exercise of federal review of the question in a case ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern;" or (3) "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution ... directed at obtaining the closure of places exhibiting obscene films, or collection of state taxes." *Colorado River*, 424 U.S. at 813–16, 96 S.Ct. at 1244–46 (citations omitted). As is evident from the dearth of discussion in the briefs, absten-

tion cannot even arguably be justified here under any of these criteria.

Nonetheless, our inquiry cannot stop here:

"Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions.... These principles rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"

*Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). Even so, we must keep in mind that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818, 96 S.Ct. at 1246. We must "ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of ... jurisdiction," *Cone*, 460 U.S. at 25–26, 103 S.Ct. at 942 (emphasis in original), "with the balance heavily weighted in favor of the exercise of jurisdiction," *id.* at 16, 103 S.Ct. at 937.

The Supreme Court has announced several factors that guide our analysis: (a) which court first assumed jurisdiction over any property; (b) the inconvenience of the federal forum; (c) the desirability of avoiding piecemeal litigation; and (d) the order in which concurrent jurisdiction was obtained. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. We must also consider the adequacy of the state court proceedings to protect the parties' rights, *see Cone*, 460 U.S. at 28, 103 S.Ct. at 943, whether issues of federal law are presented, *id.* at 23–26, 103 S.Ct. at 941–42, and whether the attempt to invoke federal jur-

isdiction was done in bad faith, *id.* at 17 n. 20, 103 S.Ct. at 937 n. 20.

Neither court has jurisdiction over any property, and defendants concede that both forums are equally convenient. The state court action was commenced first. However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Cone*, 460 U.S. at 21, 103 S.Ct. at 940. The only additional progress in the state court action appears to be some informal discovery, some formal discovery requests, and a scheduling conference at which the judge stayed the proceedings pending the outcome of this suit. So both actions seem to be at a standstill with no significant progress achieved. The case presents issues of both state and federal law. "Although in some rare circumstances the presence of state-law issues may weigh in favor of ... surrender, the presence of federal-law issues must always be a major consideration weighing against surrender." *Id.* at 26, 103 S.Ct. at 942. Defendants speculate that Nena Lalla was not joined in the state proceedings as justification for plaintiff's forum shopping. Appellee's Brief at 2. But plaintiff argues it might not be able to join Nena Lalla in state court because of improper venue, and therefore, piecemeal litigation and inadequate protection of its rights may result if a federal forum is unavailable. In view of the fact that the state court action has been stayed, there could be no piecemeal litigation or inadequate forum problems if the federal suit is continued.

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, therefore, "[o]nly the clearest of justifications will warrant dismissal," *id.* at 819, 96 S.Ct. at 1247. Here, no factor clearly warrants dismissal, and several factors favor retention. Therefore, the district court should accept jurisdiction and hear this case on the merits. *Accord American Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 885–86 (11th Cir.1990); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189–93 (5th Cir.

1988); *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 382–83 (11th Cir. 1988).

The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion.